UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:11-CR-136 |
| | ) | |
| COLISA DOUGLAS HACKER, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's pro se motion for reduction of sentence pursuant to the recent Supreme Court decision, *Alleyne v. United States*, 133 S. Ct. 2152 (2013). Defendant argues that *Alleyne* removed mandatory minimum sentences in cases where the facts underlying the mandatory minimum sentence are not submitted to a jury and proven beyond a reasonable doubt. Defendant asks the Court to remove the "mandatory minimum sentence of 121 months in her case and sentence her to time served" [Doc. 47].

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base. Under 18 U.S.C. §§ 846, 841(a)(1) and 21 U.S.C. § 841(b)(1)(A), she faced a statutory term of ten years up to life imprisonment. Under the Sentencing Guidelines, § 2D1.1 provides that an offense involving the distribution of between 2.8 and 8.4 kilograms of cocaine base has a base offense level of 36. After a three level reduction for acceptance of responsibility, defendant's offense

level for sentencing purposes was 33. Defendant's criminal history category was I, resulting in an advisory guideline range of 135-168 months. Defendant was sentenced by the Court to 135 months imprisonment, followed by five years of supervised release on November 16, 2012 [Doc. 46].

Defendant seeks relief based on the United States Supreme Court's recent decision in *Alleyne*. The Court finds that *Alleyne* is inapposite and has no application to defendant's case. In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum sentence for a crime is an "element of that crime, not a sentencing factor, and therefore, the "element" must be submitted to the jury for determination. *Id.* at 2160. The analysis of *Alleyne* springs from *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), where the Supreme Court held the Sixth Amendment requires any fact that increases the penalty for a crime beyond the prescribed statutory maximum sentence, other than the fact of a prior conviction, must be submitted to the jury and proved beyond a reasonable doubt.

In this case, however, the "fact" that resulted in defendant's mandatory minimum sentence – that the conspiracy involved 280 grams or more of cocaine base – was charged in the indictment and established as part of her guilty plea. Thus, defendant admitted to conduct which subjected her to the mandatory minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A). That brings us to defendant's challenge to the Court's finding with respect to drug quantities that resulted in a Guidelines range above the minimum but below the maximum sentence. Here, defendant's plea agreement states that "for

2

sentencing purposes, the parties agree that the defendant personally distributed between 2.8 and 8.4 kilograms of crack cocaine over the course of the conspiracy charged in the indictment" [Doc. 29]. A defendant's knowing admission of the facts necessary for an enhanced sentence is fatal to her *Apprendi/Alleyne* claim. *See United States v. Yancey*, 725 F.3d 596, 601 ("when a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a plea, simultaneously waiving his Sixth Amendment right to a jury trial, no *Apprendi* problem arises).

Here, defendant understood the charge against her (conspiracy to distribute 280 grams or more of cocaine base) and voluntarily pleaded guilty, admitting that she did in fact distribute between 2.8 and 8.4 kilograms of crack cocaine. This knowing admission under oath required no independent judicial factfinding; the Court simply sentenced in accordance with defendant's admitted conduct. As defendant was properly sentenced within the prescribed statutory range authorized by 21 U.S.C. § 841(b)(1)(A), there is no *Alleyne* problem in this case. Accordingly, defendant's motion for reduction of sentence [Doc. 47] is **DENIED.**

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE