UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:11-CR-136-TAV-CCS |
| COLISA HACKER, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's motions for a sentence reduction [Docs. 52, 55, 60]. In the defendant's motions, the defendant requests that the Court resentence her pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 624, Amendment 782, and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded [Docs. 57, 61]. The government opposes relief based on Amendment 624, but defers to the Court's discretion whether and to what extent to grant any reduction pursuant to Amendment 782 and Amendment 788, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the United States Sentencing Guidelines Manual.

**I.      Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the

2

defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Factual Background

The defendant pleaded guilty to conspiring to distribute and possess with intent to distribute at least 280 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 46]. At the time of sentencing, the defendant was held responsible for 2.8 kilograms of crack cocaine [Presentence Investigation Report ("PSR") ¶ 7]. Given the amount of drugs for which the defendant was held responsible, the defendant's base offense level was 36 [*Id.* ¶ 13]. The defendant received a three-level reduction for acceptance of responsibility pursuant to section 3E1.1(a) and (b), which resulted in a total offense level of 33 [*Id.* ¶¶ 20 – 22]. Given the defendant's criminal history category of I, the defendant's applicable guideline range was 135 to 168 months' imprisonment [*Id.* ¶¶ 28, 47; *see also id.* ¶ 46 (noting that the defendant was subject to a ten-year mandatory

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

3

minim sentence)]. At her sentencing hearing, the defendant moved for application of the safety valve to her guidelines calculation [Doc. 51]. She did not receive the two-level safety-valve reduction because she failed to satisfy all the criteria for such a reduction [*Id.*]. The Court found that the defendant "had not truthfully provided the government all information and evidence she had concerning the conspiracy" before sentencing, as required by 18 U.S.C. § 3553(f)(5) [*Id.* at 3].

The Court sentenced the defendant on November 15, 2012, to 135 months' imprisonment [Doc. 46], which is within the range produced by the Guidelines. According to the government, the defendant is presently scheduled for release on May 11, 2022 [Doc. 61].

### III. Amendment 624 Analysis

Amendment 624 to the Guidelines, which became effective on November 1, 2001, expanded the eligibility for the safety-valve reduction. U.S. Sentencing Guidelines Manual App. C, amend. 624. Because the defendant was initially sentenced after Amendment 624 had been incorporated into the Guidelines, she would have already received whatever benefit to which she may have been entitled under that amendment [Doc. 46]. The record shows that the defendant sought safety-valve relief, but did not qualify. Furthermore, Amendment 624 is not retroactively applicable and thus affords no basis for relief. *United States v. Fullerton*, 42 F. App'x 752 (6th Cir. 2002); U.S. Sentencing Guidelines Manual § 1B1.10(d). The defendant's motion for relief pursuant to Amendment 624 to the Guidelines will, therefore, be denied.

4

## IV.   Amendment 782 and 788 Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Applying Amendment 782, the defendant's revised base offense level is 34, and affording the defendant the same adjustments the defendant originally received, the defendant's new total offense level is 31. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). A total offense level of 31and a criminal history category of I results in an amended guideline range of 108 to 135 months' imprisonment. Chapter Five of the Guidelines, however, provides that a defendant's sentence may not be "less than any statutorily required minimum sentence." U.S. Sentencing Guidelines Manual § 5G1.1(c).[2] Because the defendant remains subject to a ten-year statutory mandatory minimum, her effective guidelines range is 120 to 135 months' imprisonment. Even with

---

[2] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below a required mandatory minimum sentence—namely, if the court had the authority to impose a sentence below the mandatory minimum pursuant to a government motion to reflect the defendant's substantial assistance to the authorities, under 18 U.S.C. § 3553(e) (providing that a departure below a mandatory minimum sentence for a defendant's substantial assistance "shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code") and section 5K1.1 of the Sentencing Guidelines. U.S. Sentencing Guidelines § 1B1.10(c). That is not the case here.

the mandatory minimum, the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of the defendant's offense(s) and the defendant's history and characteristics.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical

6

Case 3:11-cr-00136-TAV-CCS   Document 62   Filed 04/15/16   Page 6 of 8   PageID #: 212

the mandatory minimum, the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of the defendant's offense(s) and the defendant's history and characteristics.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical

care, or other correctional treatment.[3] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

The government informs the Court that the defendant has been sanctioned on one occasion, but that it has no other information to present in opposition to a sentence reduction under Amendment 782. The government states that it defers to the Court's discretion whether to grant a reduction in the defendant's sentence, and, if so, to what extent.

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in the defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels affected by Amendment 782. The Court has also taken into consideration the risk the defendant poses to public safety, the nature and circumstances of the defendant's offense(s), the defendant's personal characteristics, criminal history, and post-sentencing conduct.

---

[3] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

7

## IV. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction pursuant to Amendment 624 is **DENIED** [Doc. 55], her motions for sentence reduction pursuant to Amendments 782 and 788 [Docs. 52, 60] are **GRANTED**, and the defendant's sentence is **REDUCED** to **120 months' imprisonment**. If this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as otherwise provided in this order, all provisions of the judgment dated November 15, 2012 [Doc. 46], shall remain in effect.

IT IS SO ORDERED.

                                          s/ Thomas A. Varlan
                                          CHIEF UNITED STATES DISTRICT JUDGE