UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:11-CR-136-TAV-CCS ) |
| COLISA HACKER, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's motion for a sentence reduction [Doc. 66]. In the defendant's motions, the defendant requests that the Court resentence her pursuant to 18 U.S.C. § 3582(c)(2), and in accordance with Amendment 794. The government has responded in opposition [Doc. 68].

Amendment 794 took effect November 1, 2015, and clarifies the circumstances under which courts may grant a minor- or minimal-role reduction under Guidelines § 3B1.2. The Sentencing Commission has not designated Amendment 794 as retroactive. U.S. Sentencing Guidelines Manual § 1B1.10.

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)); *accord Dillon v. United States*, 560 U.S. 817, 824 (2010). One such statute is 18 U.S.C. § 3582(c)(2), which authorizes a sentence reduction when consistent with the policy statements in the Sentencing Guidelines, where a defendant

"has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment. 18 U.S.C. § 3582(c); *see also* 28 U.S.C. § 994(u); U.S. Sentencing Guidelines Manual § 1B1.10.

The Sentencing Commission has not designated Amendment 794 as a retroactive amendment, *see* U.S.S.G. § 1B1.10(d), so using the amendment to reduce defendant's sentence would not be consistent with the Sentencing Commission's policy statements. *See United States v. Dullen*, 15 F.3d 68, 70 (6th Cir. 1994) (holding that, for a sentence to be reduced pursuant to § 3582(c)(2) because of an amendment to the Guidelines, the amendment must be listed in § 1B1.10 as being retroactive). Because Amendment 794 does not apply retroactively, § 3582(c) does not authorize any reduction in defendant's sentence.

For the reasons discussed herein, the defendant's motion for a sentence reduction [Doc. 66] is hereby **DENIED**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE